Howard J. Russell, Esq.
Nevada Bar No. 8879
hrussell@wwhgd.com
Sebastian Cribari, Esq.
Nevada Bar No. 15888
scribari@wwhgd.com
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, Nevada  89118
Telephone:  (702) 938-3838
Facsimile:  (702) 938-3864

*Attorneys for Defendant*
*Everest National Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JUDSON MAC DUFF,<br><br>Plaintiff,<br><br>vs.<br><br>EVEREST NATIONAL INSURANCE d/b/a EVEREST INSURANCE COMPANY, a foreign corporation; DOE EVEREST NATIONAL INSURANCE d/b/a EVEREST INSURANCE COMPANY EMPLOYEE, an individual; DO INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.:<br><br>**EVEREST NATIONAL INSURANCE COMPANY'S NOTICE OF REMOVAL**<br><br>**UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendant EVEREST NATIONAL INSURANCE COMPANY ("Everest" or "Defendant") (incorrectly named as "Everest National Insurance"), by and through its attorneys of the law firm of WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, hereby removes this case from the Eighth Judicial District Court for Clark County, Nevada to the United States District Court for the District of Nevada. In support of this Notice, Everest states the following:

/ / /

/ / /

## BACKGROUND

1. This is an insurance coverage case arising out of an alleged wrongful denial of coverage for plaintiff Judson Mac Duff's ("Plaintiff") uninsured/underinsured motorist ("UIM") claim.

2. On December 29, 2022, Plaintiff filed a complaint in the Eighth Judicial District Court for Clark County, Nevada, case number A-22-863217-C. "Complaint," attached hereto as Exhibit A.

3. Plaintiff alleges that Everest wrongfully failed and refused to timely pay Plaintiff UIM benefits upon his demand in November 2022. Complaint ¶¶ 25–30.

4. Plaintiff asserts claims for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Violation of Nevada's Unfair Claims Practices Act, and Unjust Enrichment. Complaint at 6–10.

## IDENTITIES OF PARTIES

5. Plaintiff Judson Mac Duff is alleged to be a resident of Clark County, Nevada. Complaint ¶ 1.

6. Defendant Everest is a Delaware corporation with its principal place of business in New Jersey.

7. Defendant Doe Everest National Insurance d/b/a Everest Insurance Company Employee ("Doe Employee") is alleged to be an employee of Everest but is not alleged to be a resident of any state. *See* Complaint ¶ 3.

## TIMELINESS OF REMOVAL

8. Plaintiff filed the Complaint in this matter on December 29, 2022, in the District Court of Clark County, Nevada.

9. Everest was served with the Summons and Complaint through the Nevada Department of Insurance, by mail, via letter sent on January 4, 2023.

10. Therefore, this notice of removal is timely filed within thirty (30) days after Everest's receipt of pleadings that provided evidence that this case was removable as required by 28 U.S.C. §1446(b).

/ / /

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PROPERLY JOINED PARTIES

11. To establish diversity, there must be complete diversity of citizenship between each plaintiff and each defendant. 28 U.S.C. § 1332(a). A corporation is deemed a citizen of both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1).

12. The Complaint alleges that Plaintiff is a resident of Clark County, Nevada.

13. Defendant Everest is a corporation formed and existing under the laws of Delaware with its principal place of business in New Jersey.

14. The Complaint alleges that Doe Employee is an individual employed by Everest, but there is no allegation regarding Doe Employee's residence. *See* Complaint ¶ 3. The citizenship of Doe Employee and defendants Doe Individuals I–X and Roe Corporations I–X must be disregarded because they are sued under fictitious names. *See* 28 U.S.C. § 1441(b)(1) (noting that in the diversity analysis the citizenship of defendants sued under fictitious names "shall be disregarded").

15. Therefore, complete diversity exists in this matter because Plaintiff is a citizen of Nevada and Everest is not. 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

16. Plaintiff has alleged damages "in excess of" $15,000.00." Complaint at 10. The Nevada Rules of Civil Procedure prohibit the stating of a higher amount of damages in the Complaint. *See* NRCP Rule 8(a).

17. It is well-settled among Ninth Circuit courts that, where the amount in controversy is not specifically stated, the defendant need only show by a preponderance of the evidence that the complaint alleges damages in excess of $75,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375-76 (9th Cir. 1997).

18. The defendant can meet this burden by showing that it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. *See id.* at 377; *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that district court may consider whether jurisdictional amount is "facially apparent" from the complaint).

19. "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754

(11th Cir. 2010). The defendant merely needs to prove that it is more likely than not that the amount in controversy satisfies the jurisdictional amount. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

20.     Here, Plaintiff specifically alleges damages "in excess of $15,000.00" for each of his First, Third, and Fourth Claims for Relief. Complaint ¶¶ 45, 68, 72. But more specifically, Plaintiff's First Claim for Relief alleges that "Plaintiff has suffered damages up to and including the limits of all available underinsured motorist coverage for personal injury . . . . [And] expenses for medical care and treatment . . . ." *Id.* ¶¶ 44–45.

21.     Plaintiff also alleges that on or about November 2, 2022, he made a demand for $1,000,000.00 in UIM benefits, based on his "damages that at the time amounted to $170,920.16." *Id.* ¶ 18.

22.     As Plaintiff's claims rely on the allegation that Everest wrongfully failed and refused to remit a payment of $1,000,000.00 to compensate Plaintiff for his then $170,920.16 in damages, it is facially apparent that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §1332.

23.     Based on the amount in controversy, removal is proper 28 U.S.C. 28 § 1332(a).

**VENUE**

24.     Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)–(b). The state court in which this action was filed lies within the division and district of the United States District Court wherein this Notice of Removal is filed.

**WRITTEN NOTICE OF REMOVAL**

25.     Written notice of the filing of this Notice of Removal is concurrently being served on the Clerk of the District Court of Clark County, and Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

**COPIES**

26.     Pursuant to 28 U.S.C. §1446(a), USLIC is required to attach copies of "all process, pleadings and orders served upon" USLIC in this action. USLIC attaches the following:

///

a) Letter served by Department of Insurance dated January 4, 2023, with Summons and Complaint, Exhibit A;

### **CONCLUSION**

WHEREFORE, Defendant Everest National Insurance Company prays for removal of the above-captioned matter to this Court, and respectfully requests that this Court assume jurisdiction of this lawsuit and take all such further action as deemed just and proper.

DATED this 1st day of February, 2023.

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

*/s/ Howard J. Russell*
Howard J. Russell, Esq.
Sebastian Cribari, Esq.
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
6385 S. Rainbow Blvd., Suite 400
Las Vegas, NV  89118

*Attorneys for Defendant*
*Everest National Insurance Company*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF
　　　　THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other<br><br>**LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016<br><br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**　[ ] Yes　[ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*　　JUDGE _____　　DOCKET NUMBER _____

DATE _____　　SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____　AMOUNT _____　APPLYING IFP _____　JUDGE _____　MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.