# EXHIBIT A

Letter Served by Department of Insurance dated January 4, 2023, with Summons and Complaint

Case 2:23-cv-00174-JCM-VCF   Document 1-1   Filed 02/01/23   Page 2 of 16

JOE LOMBARDO
*Governor*

STATE OF NEVADA

TERRY REYNOLDS
*Director*

BARBARA D. RICHARDSON
*Commissioner*

DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700 • Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

RECEIVED
LAW DEPT
JAN 09 REC'D

January 4, 2023

EVEREST NATIONAL INSURANCE (License No. 1345)
SANJOY MUKHERJEE
SANJOY MUKHERJEE EVP GEN CNSL/SCTY
100 EVEREST WAY
Warren Corporate Center
WARREN NJ 07059-5195

Re: Notice of Service of Process (SOP No. 2704)
Judson Mac Duff v. Everest National Insurance Company et al
A-22-863217-C, District Court Clark County, Nevada

Enclosed you will find a summons or initial documents, which has been personally served upon the Nevada Commissioner of Insurance as statutory attorney to accept service of process on your behalf. These documents were served at 10:28 AM on January 4, 2023.

Sincerely,

Barbara D. Richardson
Commissioner of Insurance

By: /s/ Leah Sadabseng
Service of Process Clerk

Enclosure

Electronically Issued
12/29/2022 9:52 AM

**SUMM**
JESSICA M. MUNOZ, ESQ.
Nevada Bar No. 12610
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
E-Mail: JMunoz@RichardHarrisLaw.com
*Attorneys for Plaintiff*

RICHARD HARRIS LAW FIRM

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

JUDSON MAC DUFF,

Plaintiff,

vs.

EVEREST NATIONAL INSURANCE d/b/a EVEREST INSURANCE COMPANY, a foreign corporation; DOE EVEREST NATIONAL INSURANCE d/b/a EVEREST INSURANCE COMPANY EMPLOYEE, an individual; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,

Defendants.

Case No.: A-22-863217-C
Dept. No:

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW**

To THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

**EVEREST NATIONAL INSURANCE dba EVEREST INSURANCE COMPANY**

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

RECEIVED
JAN 04 2023
DIVISION OF INSURANCE
STATE OF NEVADA

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of
**Richard Harris Law Firm**

/s/ *Jessica M. Munoz* 12/29/22
Jessica M. Munoz, Esq. Date
801 South Fourth Street
Las Vegas, NV 89101
Attorneys for Plaintiff

**CLERK OF COURT**

12/29/2022
Deputy Clerk Date
County Court House
200 Lewis Avenue
Las Vegas, Nevada 89155

RICHARD HARRIS LAW FIRM

NOTE: When service is by publication, add a brief statement of the object of the action. See NRCP 4(b). *Revised 03/99/jb*



Electronically Filed
12/29/2022 9:51 AM
Steven D. Grierson
CLERK OF THE COURT

COMP

JESSICA M. MUNOZ, ESQ.
Nevada Bar No. 12610
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
E-Mail: JMunoz@RichardHarrisLaw.com
*Attorneys for Plaintiff*

CASE NO: A-22-863217-C
Department 5

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

RECEIVED
JAN 04 2023
DIVISION OF INSURANCE
STATE OF NEVADA

RICHARD HARRIS LAW FIRM

| | |
|---|---|
| JUDSON MAC DUFF,<br>Plaintiff,<br>vs.<br>EVEREST NATIONAL INSURANCE d/b/a EVEREST INSURANCE COMPANY, a foreign corporation; DOE EVEREST NATIONAL INSURANCE d/b/a EVEREST INSURANCE COMPANY EMPLOYEE, an individual; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive,<br>Defendants. | Case No.:<br>Dept. No:<br><br>**COMPLAINT** |

Plaintiff JUDSON MAC DUFF, by and through his counsel, Jessica M. Munoz, Esq. of the Richard Harris Law Firm, and for his causes of action against Defendants, and each of them, complains and alleges as follows:

1. Plaintiff JUDSON MAC DUFF (hereinafter "Plaintiff" or "Mr. Macduff") is, and was at all times mentioned herein, a resident of the County of Clark, State of Nevada.

2. Defendant EVEREST NATIONAL INSURANCE d/b/a EVEREST INSURANCE COMPANY (hereinafter "Everest") is, and was at all times mentioned herein, an insurance company licensed to do business in the State of Nevada and deriving substantial revenue from the state.

3. Upon information and belief, Defendant DOE EVEREST NATIONAL INSURANCE d/b/a EVEREST INSURANCE COMPANY EMPLOYEE is, and was at all times mentioned

herein, an employee of Everest, and assigned to adjust, evaluate, and investigate Plaintiff's claim under his uninsured and/or underinsured motorist policy of insurance.

4. That true names of DOE Individuals 1 through 10 and ROE Corporations 1 through 10, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believe, and therefore alleges, that each of defendants, designated as DOEs 1 through 10 and ROE Corporations 1 through 10, are or maybe, legally responsible for the events referred to in this action, and caused damages proximately and foreseeably to Plaintiff, as herein alleged, and Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

RICHARD HARRIS LAW FIRM

5. ROE Corporations 1 through 10 are insurance companies, casualty companies, corporations, or other business entities who wrote or participated in writing Everest Insurance policy number SI8ML00619171 (hereinafter "the Policy"), or who participated in the claims processing, proceeding and/or handling of Plaintiffs' claims, as herein alleged.

6. DOE Individuals 1 through 5 are employees/employers of defendants who may be liable for defendants' negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, negligent or default of another, the person causing the injury is liable to the person injured for damages: and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

7. DOE individuals 6 through 10 are agents, employees, contractors, independent contractors, subcontractors, underwriters, and/or representatives of defendants, and each of them, who were involved in, enforced, participated in handling the claims proceeding and/or handling of Plaintiff's claims against defendants' insurance companies, casualty companies, corporations, or other business entities to who enforced, wrote, or participated in the claims proceeding and/or handling of Plaintiff's claims, as herein alleged.

8. At all times mentioned herein, each defendant herein was the agent, servant, employee, partner and/or joint ventures of the other defendants herein; that at all said times each of said defendants was acting within the course and scope of said agency, service, employment, partnership and joint venture.

**GENERAL ALLEGATIONS**

9. On or about February 2, 2019, Plaintiff was driving eastbound on Sunset Road at the intersection of Sunset and Boulder Highway proceeding on a permissive green through the intersection. At the same time, an unknown individual that is a non-party to the present suit was driving directly behind Plaintiff. As Plaintiff proceeded through the intersection on a permissive green, the unknown individual suddenly and without warning rearended Plaintiff's vehicle. The unknown individual was driving a stolen vehicle at the time and fled the scene after impacting Plaintiff's vehicle. Plaintiff suffered significant injuries as a result of this motor vehicle accident.

10. At the time of the subject incident, the stolen vehicle that impacted Plaintiff was being operated by an unknown individual who shortly after causing the collision with Plaintiff's vehicle abandoned that vehicle which was later recovered by the authorities. The stolen vehicle was registered to non-party Quang Lu. The registered owner, Quang Lu, maintained liability insurance coverage with State Farm Insurance on the day of the subject incident. However, due to the fact that Mr. Lu's vehicle was stolen at the time the subject and was being operated by an individual that did not have permissive use, State Farm Insurance denied coverage for this loss.

11. At the time of the subject accident, Plaintiff was operating a vehicle for his employer, non-party, Nevada Restaurant Services, Inc. which maintained uninsured/underinsured motorist (UIM) coverage with limits of $1,000,000.00 per person, $1,000,000.00 per incident with Everest Insurance, policy number SI8ML00619171.

12. On or about May 31, 2019, Plaintiff sent a letter of representation to Sedgwick Claims Management Services, Inc. who upon information and belief, is/was the third-party administrator for Everest Insurance, requesting information including but not limited to medical payment coverage, underinsured/uninsured motorist coverage, any and all exclusions/provisions which purport to void or limit coverage, and any and all time limits set forth in the policy.

13. On or about June 20, 2019, Sedgwick sent a letter advising that they would be handling the underinsured motorist claim for Plaintiff for their client, Everest Insurance Company.

14. On or about August 7, 2019, Sedgwick sent a letter of acknowledgment that Plaintiff was represented by the Richard Harris Law Firm.

15. On or about August 19, 2019, Sedgwick sent a letter advising that they would be handling the matter on behalf of Nevada Restaurant Services, Inc. and requesting a status of the matter including Plaintiff's current medical treatment status and the police report for the subject incident.

16. On or about April 20, 2020, Sedgwick sent a letter advising that the claim hand been reassigned to a Shelli Behara for handling and also requested a treatment status for Plaintiff.

17. On or about September 16, 2020, Sedgwick sent a letter in response to our request for coverage disclosure available to Plaintiff for the subject loss for which they confirmed there was an active policy with Everest National Insurance for their insured, Nevada Restaurant Services, Inc. with policy number SI8ML00619171, of uninsured Motorist limits of $1,000,000.00 effective for policy dates from 08/08/2018 to 08/07/2019.

18. On or about November 2, 2022, Plaintiff made a demand to Sedgwick for the policy limits of $1,000,000.00 based on injuries, surgeries undergone by Plaintiff, future medical treatment needed, and damages that at the time amounted to $170,920.16.

19. On or about November 18, 2022, Yadira Gaspar, called Sedgwick to confirm that they had received Plaintiff's demand that had been sent via certified mail to them on November 2, 2022. Ms. Gaspar spoke with a Carey Gillogly, an employee of Sedgwick that request an email with the claim information be submitted to her so she could locate the most handling adjuster information. Ms. Gaspar submitted an email to Ms. Gillogly to her attention per request including the relevant claim information she requested.

20. On or about November 18, 2022, Lily Gillogly forwarded Ms. Gaspar's email to a Shantel Schaefer, who upon information and belief, is also an employee of Sedgwick requesting assistance in locating the handling examiner for Plaintiff's claim.

RICHARD HARRIS LAW FIRM

21. On or about November 18, 2022, Shantel Schaefer sent an email to Lily Gillogly, Yadira Gaspar, and Marjorie DeGuzman requesting assistance on locating the handling examiner's information and claim status advising that she was not able to locate the employer listed in the DIR website.

22. On or about December 28, 2022 attorney Jessica Munoz, Esq. telephoned Sedgwick to follow-up on the demand submitted to them back on November 2, 2022 and to follow-up on our request for assistance locating the handling examiner's contact information. Ms. Munoz was unable to speak with anyone regarding her request.

23. Plaintiff continues to receive treatment for his injuries.

24. At all times relevant to this action, Plaintiff, is and was an "uninsured motorist" as that term is defined under Nevada law, giving rise to a first-party insurance claim for uninsured motorist benefits.

25. Everest Insurance and DOE Defendants, as the assigned adjuster to Plaintiff's UM/UIM claim, have a duty to fairly and reasonably evaluate the claim based on the interests of Plaintiff and not its own financial interests and accordingly compensate Plaintiff for his damages.

26. Everest Insurance failed to timely pay benefits upon proof of this loss.

27. Everest Insurance refused to timely make an adequate payment to Plaintiff, as was required under the subject Policy.

28. Everest Insurance's refusal to pay the applicable policy limits was made without a reasonable basis in fact or law.

29. Everest Insurance's refusal to pay the applicable policy limits has forced Plaintiff to institute this litigation in an effort to recover payment of the policy limits thereby incurring attorneys' fees and costs.

30. Everest Insurance's refusal to pay the policy limits was made in bad faith and for the purpose of denying the benefits of contract for underinsured/uninsured motorist coverage to Plaintiff.

RICHARD HARRIS LAW FIRM

31. As a direct and proximate result of the negligence of the third-party driver, Plaintiff has been caused to suffer serious bodily injury, disability and pain and suffering, which may be permanent and/or experienced in the future, all other general damages in excess of $15,000.

32. That as a direct and proximate result of the negligence of the third-party driver, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

33. That as a direct and proximate result of the negligence of the third-party driver, Plaintiff has been required to alter his physical activities and has limited occupational and recreational activities, which have caused—and shall continue to cause—Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

34. Everest Insurance's refusal to pay Plaintiff's benefits due under the applicable contract of insurance was malicious, willful, and intentional and in fact, did cause injury to Plaintiff in excess of $15,000.00.

35. Everest Insurance's actions justify an award of punitive damages.

36. Plaintiff has been required to engage the services of an attorney, and accordingly, has incurred attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT CLAIM – ALL DEFENDANTS)

37. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

38. Plaintiff was an "uninsured motorist" as defined by the policy that was in effect with Defendant Everest Insurance at the time the subject incident took place.

39. Said Policy contained an underinsured and/or uninsured motorist provision providing coverage to the Plaintiff for damages as a direct and proximate result of the negligence of other vehicle operators, when the other operators lacked or had insufficient insurance coverage.

RICHARD HARRIS LAW FIRM

40. Said policy of insurance was in full force and effect on February 2, 2019, when the subject motor vehicle incident occurred.

41. Everest Insurance is contractually obligated to Plaintiff who was a permissive driver for the vehicle he was operating that was insured by Everest Insurance under the subject Policy.

42. Defendants failed reasonably and promptly to evaluate and failed to timely pay benefits under the underinsured/uninsured portion of the subject policy, thereby breaching its contractual duty. Defendants further failed to treat Plaintiff fairly and fully evaluate and consider all records provided.

43. As a direct and proximate result of Everest Insurance's breach of contract, Plaintiff has sustained general damages in excess of $15,000.

44. That as a result, Plaintiff has suffered damages up to and including the limits of all available underinsured motorist coverage for personal injury in an amount in excess of $15,000.

45. As a further direct and proximate result of the named Defendant and DOE and ROE Defendants' negligence, Plaintiff, incurred expenses for medical care and treatment in an amount in excess of $15,000.

RICHARD HARRIS LAW FIRM

**SECOND CAUSE OF ACTION**
**(BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING – ALL DEFENDANTS)**

46. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

47. Defendants were contractually obligated to Plaintiff who was a permissive driver for the vehicle he was operating that was insured by Everest Insurance under the subject Policy for the subject motor vehicle incident giving rise to the subject claim.

48. The expressed and implied promises made in connection with that relationship, and the acts, conduct, and communication resulting in these implied promises, obligated Defendants to act in good faith toward and to deal fairly with Plaintiff.

49. Defendants, DOEs, and/or ROE Corporations and its agents owed a duty to Plaintiff to comply with its implied covenant of good faith and fair dealing.

50. At all times mentioned herein, Defendants, DOEs, and/or ROE Corporations, and its agents further owed a duty to Plaintiff to ensure it did not impair the Plaintiff's right to receive benefits of the above-described policy of insurance.

51. Defendants, DOEs, and/or ROE Corporations, through its agents, acted in bad faith and violated its implied covenant of good faith and fair dealing by repeatedly and continuously failing and refusing to pay to the Plaintiff the sum of money due and owing to Plaintiff under the above-described policy of insurance.

52. The failure of Defendants, to exercise good faith and fair dealing has resulted in substantial delay in receipt of benefits to which Plaintiff is entitled and has and will result in substantial economic loss, as well as attorney's fees and costs.

53. The failure of Defendants to exercise good faith and fair dealing has resulted in Plaintiff suffering severe emotions distress.

54. The aforesaid conduct of Defendants was in willful, wanton, and reckless disregard of Plaintiff's interests, to such extent as to constitute oppression, fraud, and actual malice toward Plaintiff, thus entitling Plaintiff to an award for punitive damages.

55. The conduct of Defendants was intentional, malicious, and reckless, and in conscious disregard of the consequences to Plaintiff, therefore Plaintiff is entitled to punitive damages.

56. As a direct and proximate result thereof, Plaintiff has incurred expenses for medical care and treatment and expenses incidental thereto, all to his damage for which the present amount is unknown; Plaintiff is informed and believes, and thereon alleges, that such expenses will continue in the future, all to his damage in a presently unascertainable amount. In this regard, Plaintiff prays leave of this Court to insert all said damages herein when the same have been full ascertained.

///

///

///

RICHARD HARRIS LAW FIRM



**THIRD CAUSE OF ACTION**
**(VIOLATION OF UNFAIR CLAIMS PRACTICES ACT – ALL DEFENDANTS)**

57. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if here fully set forth.

58. Defendants were contractually obligated to Plaintiff who was a permissive driver for the vehicle he was operating that was insured by Everest Insurance under the subject Policy for the subject motor vehicle incident giving rise to the subject claim.

59. Defendants further breached the Covenant of Good Faith and Fair Dealing by its violation of provisions of the Unfair Claims Practices Act (NRS § 686A.310) set out below; violations which were done with Defendants' actual and/or implied knowledge.

60. Defendants' deliberate delay in paying benefits due to Plaintiff is in direct violation of both the Nevada Insurance Regulations and NRS 686A.310 including, but not limited to Sections 1, subsections (b), (c), (e), (f) and (n).

61. Defendants failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, as prohibited by NRS § 686A.310(1)(b).

62. Defendants failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the insurance policy as prohibited by NRS § 686A.310(1)(c).

63. Defendants failed to affirm or deny coverage of claims within a reasonable time after proof of loss requirements had been completed and submitted by the insured as prohibited by NRS § 686A.310(1)(d).

64. Defendants failed to effectuate a prompt, fair and equitable settlement of claims in which its liability had become reasonably clear as prohibited by NRS § 686A.310(1)(e).

65. Defendants compelled Plaintiff to institute litigation to recover amounts due under the Policy as prohibited by NRS 686A.310(f).

66. Defendants attempted to settle the claim for less than the amount of which a reasonable person would have believed he/she was entitled by reference to written or printed

advertising material accompanying or made part of an application in violation of NRS § 686A.310(1)(g).

67. On more than one occasion Defendants refused to consider or evaluate Plaintiff's claim in violation of the Nevada Fair Claims Protection Act.

68. The actions of Defendants as described herein, constitutes a breach of the covenant of good faith and fair dealing with Plaintiff, and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.

**FOURTH CAUSE OF ACTION**
**(UNJUST ENRICHMENT – EVEREST INSURANCE)**

69. Plaintiff incorporates by this reference each and every allegation previously made in this Complaint, as if here fully set forth.




70. Pursuant to the contractual obligations between the parties, Defendant Everest Insurance was obligated to pay Plaintiff for damages received as a result of any accident with an underinsured motorist.

71. Retaining amounts it was required to pay pursuant to the contractual agreement has unjustly enriched Everest.

72. The actions of Everest and Doe Defendant – as described herein, constitutes unjust enrichment at Plaintiff's expense, and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.

**JURY DEMAND**

Plaintiff, Judson Mac Duff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. Special damages to be determined at the time of trial;
3. Consequential damages, including attorney's fees;



4. Expectation damages for denied policy benefits in excess of $15,000;
5. Medical and incidental expenses already incurred and to be incurred;
6. Lost earnings and earing capacity;
7. Reasonable attorney's fees and costs of suit;
8. Punitive damages in an amount to be determined at trial;
9. Interest at the statutory rate;
10. Demand for jury trial; and
11. For such other relief as the Court deems just and proper.

DATED this 29th of December, 2022.

**RICHARD HARRIS LAW FIRM**

/s/ *Jessica M. Munoz*
JESSICA M. MUNOZ, ESQ.
Nevada Bar No. 12610
801 South Fourth Street
Las Vegas, Nevada 89101

RICHARD HARRIS LAW FIRM